In the Matter of Joseph FEIMSTER and Edda Rose Feimster, Debtors.

The CITIZENS AND SOUTHERN NATIONAL BANK, Plaintiff,

v.

Joseph FEIMSTER and Edda Rose Feimster, Defendants.

Bankruptcy No. 79–03120A.
Adv. No. 79–0011A.

United States Bankruptcy Court, N. D. Georgia.

Nov. 21, 1979.

John C. Weitnauer, Alston, Miller & Gaines, Atlanta, Ga., for C & S Bank.

Robert Efurd, Jr., Atlanta, Ga., for debtors.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

This Chapter 13 case was filed October 19, 1979. The notice to creditors set the date for the meeting of creditors on November 22, 1979; and the date for hearing on confirmation of plan was set for December 4, 1979. This adversary proceeding complaint to terminate the 11 U.S.C.

§ 362(a) automatic stay and allow C&S to reclaim the vehicular motor home (recreational vehicle) of debtor was filed by C&S on October 20, 1979. The summons which was issued by the Clerk of Court under the normal procedures of this court applicable on said date required the debtor to file an answer on or before November 15, 1979 and set a pre-trial date for November 21, 1979. These dates were furnished by the Clerk of Court to plaintiff in accordance with dates previously allowed by the Bankruptcy Judges of this Bankruptcy Court for adversary proceedings.

## AUTOMATIC TERMINATION OF AUTOMATIC STAY

Title 11 U.S.C. § 362(e) provides that the § 362(a) automatic stay shall be terminated thirty (30) days after a "request" [1] for relief is filed by the plaintiff unless the court continues the stay as a result of a final hearing or a preliminary hearing.

The procedure and summons used in all adversary proceedings in this District under Bankruptcy Rules 704 and 712 and in this particular § 362(e) adversary proceeding, provided for the answer to be filed within 25 days from date of issuance of the summons and the date of pre-trial was set to be held shortly thereafter. Hence, the § 362(a) stay is likely automatically to terminate a day or so prior to the the date normally set for the pre-trial hearing.[2]

It seems improbable that Congress expected court procedure to allow the automatic stay to routinely terminate after the filing of a § 362(e) complaint before the commencement of a regularly scheduled preliminary hearing.

This court perceives § 362(e) to imply congressional expectation of a judicial hearing to be initiated by the debtor, or by the Bankruptcy Court, within the thirty (30) day period even in the absence of a request by the debtor for an earlier hearing. Due to trial and hearing schedules of this court generally full for 60–90 days in advance, it is extremely difficult to schedule a hearing quickly, i. e., within a thirty (30) day period or less, upon the ad hoc request of a debtor-defendant after service of the summons. Yet, the failure to so begin a hearing and to enter an order continuing the stay within the thirty day period may well result in an automatic termination of the § 362(a) stay. Hence, this court concludes that the preliminary hearing date must be set by the Clerk of Court in this district as a part of the summons in the § 362(e) complaint in accordance with each Bankruptcy Judge's schedule in order to prevent further occurrence of such automatic terminations of the § 362(a) stay.

Recognizing this unintentional and unwarranted termination of the stay resulting

---

1.  The term "[r]equest" as used in § 362(d) and (e) is not deemed to establish a new informal procedure by the Reform Act for the filing of proceedings to obtain adjudication of disputes in the bankruptcy case different from the procedures prescribed in Bankruptcy Rules 701, 901(4) and (9) and 914. Such term is not inconsistent with Bankruptcy Rule 701. Hence, Rule 701 and Part VII of the Bankruptcy Rules of Procedure are applicable to require adversary proceeding complaints to obtain relief from a § 362(e) stay, (See Chattanooga Federal Savings & Loan Association vs Northwest Recreational Activities, Inc., No. 79–0002A, January 13, 1980), except that the time schedules contemplated by Rule 712 allowing 25 days for answer and date of pre-trial or trial thereafter in adversary proceedings must be restated by local rule to accommodate the 30 day period allowed in § 362(e). The fact that such time schedules of Rule 712 must be altered by local rule does not make Part VII of the Rules "inconsistent" with the Bankruptcy Code. Sec-

tion 405(d), Title IV, Bankruptcy Reform Act of 1978. Rule 712 allows such necessary modification by local rule to require accelerated trials of special proceedings.

2.  This court has more recently concluded that the procedure for adversary proceedings in complaints for relief from the § 362(a) automatic stay demands different procedure and advanced hearing dates as compared to other, less pressing, adversary proceedings prescribed under Bankruptcy Rule 701. Hence, a different local rule has been adopted to set earlier answer and hearings in § 362(e) adversary proceedings. The rule [local Interim Bankruptcy Rule 4001(c)] provides that the summons in § 362(e) adversary proceedings shall require answer by debtor within ten (10) days of the date of the summons and a pre-trial and preliminary hearing date within fifteen (15) days of date of the summons.

from the then-existing normal procedure of this court, this court, at the pre-trial conference, offered a preliminary hearing instanter, and scheduled a preliminary and final hearing for the date set for the hearing on confirmation of the plan, i. e.: December 4, 1979, some fifteen (15) days hence. At the pre-trial hearing, upon oral motion of the debtor the court then reinstituted a stay.

The automatic stay of § 362(a) is merely recognition of the necessity for protection of the estate from pending and additional actions by creditors to recover collateral or collect debts. Orderly liquidation or rehabilitation is the objective of Title 11 U.S.C., not dismemberment of the assets of the debtor. Section 361(e) is the recognition by Congress that court action on a complaint for relief from the automatic stay does not mean that, if the automatic stay is terminated inadvertently by the running of the 30 day period without any hearing on order of the court continuing the stay, the court may not issue a stay under other judicial authority. Surely, the court has the power and the duty to cure an inadvertence where the facts and justice demands. Nor does § 362(e) mean that the court may not issue a second stay even after hearing and an order by the court terminating the § 362(a) automatic stay. Equity and justice may in some situations require a second stay to protect the estate from unwarranted recovery of property or other actions by a creditor. That is to say, the § 362(a) automatic stay is not the only power to issue stays which is available to the debtor and the court.

█ Automatic termination of the § 362(a) stay by the elapse of 30 days from filing of the § 362(e) complaint does not preclude the Bankruptcy Court from a determination that the equities in the case may require a new stay issued under authority of Rule 65 of FRCP or under 11 U.S.C. 105(a). No intervening action has occurred here which has altered the original rights of the parties existing at the time of filing, or at termination of the stay, which would make it inequitable or improper to issue another stay. The debtor possesses the collateral; it is insured; the creditor has taken no action to recover and take possession or transfer title to the collateral since termination of the § 362(a) stay. The confirmation of the plan is reasonably expected. The plaintiff-secured creditor did not object to the reinstitution of the stay. Should the plan be confirmed, the plaintiff will continue to have its lien and to receive adequate protection to the value of its collateral by payment of the contract monthly payments. A stay is necessary to prevent threatened action by the creditor to recover the collateral prior to a determination of whether the Chapter 13 plan will be confirmed.

## TERMINATION OF STAY UNDER § 362(d)(2)(A) and (B)

At said regularly scheduled pre-trial hearing, the plaintiff creditor further contended that, if the stay is not considered terminated, then, pursuant to § 362(d)(2), the § 362(a) automatic stay should be terminated as to this collateral of the creditor, because:

"... (A) the debtor does not have an equity in such ... [i. e. motor home] ..." *and*

(B) such [motor home] "... is not necessary to an effective reorganization."

The debtor agrees as to the facts to wit:

(1) the debtor has no equity in the property, that is, the motor home in question has a value of approximately one-half of the amount of the indebtedness to the *creditor*,[3] and

(2) the motor home is a pleasure and recreational and luxury item not absolutely necessary to the employment, welfare, support and economic continuation and rehabilitation of this debtor, a wage-earner.

## SECTION 362(d)(2) IS INAPPLICABLE TO CHAPTER 13

Both of these conditions in § 362(d)(2) must co-exist in a case to require relief

---

**3.** The value of the motor home approximates $12,000.00, the debt is $24,000.00.

from the stay, and debtor admits they do exist. But, while both conditions co-exist here; the question occurs whether subsections (A) and (B) are properly applicable to a Chapter 13 case.

Although the debtor does not have an equity in the motor home (i. e., the amount of the debt clearly exceeds the value of the security), the stay may not be terminated under § 362(d)(2) merely because "such property is not necessary to an effective reorganization." Such condition applies only under Chapter 11 and not under Chapter 13 of the Bankruptcy Code. The critical term "reorganization" appearing in subsection (B) of 362(d)(2), is a term no-where else appearing in the Bankruptcy Code except in Chapter 11. It does not appear in Chapter 13. The term "Adjustment of Debts of an Individual" is the phrase used in Chapter 13. Reorganization is not defined in § 101. If Congress, in drafting § 362(d)(2)(B), had intended to make said subsection applicable to debtors other than a debtor in Chapter 11 reorganization, Congress could easily have added the phrase "An Adjustment of Debts of an Individual with Regular Income." Or, Congress could have stricken the word "reorganization" and inserted "rehabilitations under Chapters 11 and 13," or something like: "Chapter 11 Reorganization or Chapter 13 Adjustment of Debts."

■ The absence of the use of the term "reorganization" anywhere except in Chapter 11 leads this court to the conclusion that its use in § 362(d)(2)(B) makes § 362(d)(2) applicable only to Chapter 11 Reorganization cases; and not applicable to Chapter 13 cases. The Chapter 13 automatic stay may not be terminated under § 362(d)(2)(B).

## PROPERTY NECESSARY TO DEBTOR

Creditor argues that, irrespective of the applicability of § 362(d)(2)(A) and (B) to Chapter 13, nevertheless, a creditor is entitled to termination of the stay and recovery of its collateral, and no plan may be confirmed, where it is found that the security is a luxury item not necessary to the welfare of the debtor and in which debtor has no equity. Creditor cites no authority for this contention, except to argue that such is long-established policy under prior Bankruptcy Act and new Code Chapter 13.

■ Such argument is without merit. A Chapter 13 Adjustments plan of a debtor must provide under § 1325(a)(5) that the objecting secured creditor shall receive (1) the surrender of the collateral, or (2) the value of the property securing said claim in the form of property, or (3) deferred payments to the extent to the amount of the allowed secured claim. Hence, it is the ability of the individual debtor to furnish the creditor the value of that claim in the form of property or from the current earnings of that debtor which is the key to the confirmation of the Chapter 13 plan. Whether the collateral being retained by the debtor is necessary to the subsistence or rehabilitation of the Chapter 13 debtor, or whether the debtor has any equity in the collateral, are not factors of concern applicable or relevant to confirmation of a plan under § 1325(a)(5). The court must confirm a plan if the six requirements of 11 U.S.C. § 1325 are met.

## ADEQUATE PROTECTION

The secured creditor argues further that the stay must be terminated under § 362(d)(1) *for cause* ; i. e.: the creditor is without adequate protection provided by debtor because the debt is approximately $24,000.00 and the value of the motor home is approximately $12,000.00.

The debtor contends that under his plan, the C&S Bank will receive for its secured claim monthly payments equal to the contract payments provided under the original loan agreement, to wit $245.00 per month. The debtor contends such deferred payments exceed the value of the claim of the creditor which should be allowed by the court as secured, to wit: the current market value of the collateral; and that the secured claimant shall retain the lien equal to the value of the property securing said claim. See § 506(a) which limits the secured creditor to a secured claim only to the extent of the value of its security. The lien

created under § 1325(a)(5)(B)(i) is effective only to secure deferred payments to the extent of the amount of the allowed secured claim. (124 Cong.Rec. H11,107, Sept. 28, 1978; S. 17,423, Oct. 6, 1978). The right of the debtor to receive deferred payments equal to a properly amortized loan, i. e., the depreciating value of the collateral under § 1325(a)(5)(B)(i) seems to be the same protection accorded the debtor by § 722 under Chapter 7, and the equivalent of the adequate protection provided under § 361 of the Bankruptcy Code. It seems to be a codification of the teachings of *Yale Express* and *Bermac. In re Yale Express System, Inc.*, 250 F.Supp. 249 (S.D,N.Y.1966), 370 F.2d 433 (2d Cir. 1966), 384 F.Supp. 990 (2d Cir. 1967); *In re Bermac Corporation*, Bankruptcy Case No. 71–8–291 (S.D.N.Y. 1971) (B. J. Herzog), 445 F.2d 367 (2d Cir. 1971).

The retention of the lien and the payment provided by debtor in his plan does provide "adequate protection of an interest in property of" this secured creditor. Section 362(d)(1). The § 1325(a)(5)(B)(i) lien in property is equal to the amount of the secured claim, being the value of the property to be retained and used by the debtor, and the plan provides payments in excess of the amount of the secured claim. Therefore, there is no cause shown under § 362(d)(1) why the stay should be terminated as to this secured creditor.