**In re Fred A. WALTERS, Debtor.**

**Bankruptcy No. 95–41592.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Sept. 20, 1995.

Stephen B. Bennett, Sherwood, AR, for Debtor.

J. Maurice Rogers, North Little Rock, AR, for Deere Credit, Inc.

David D. Coop, Chapter 13 Trustee, North Little Rock, AR.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Bankruptcy Judge.

Pending before the Court are Deere Credit, Inc.'s (Deere), (1) Motion for Relief From Stay filed pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2); and (2) Objection to Confirmation filed pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) in the above-styled case. The Motion and Objection were filed on June 27, 1995, and the Court held a hearing on the Motion and Objection on July 10, 1995.

### I. *Jurisdiction*

The Court has jurisdiction over this pending matter pursuant to 28 U.S.C. § 1334. Further, the above proceeding is a core proceeding within 28 U.S.C. § 157(b)(2). The following Memorandum Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### II. *Findings of Fact*

Fred A. Walters (Walters) filed for relief under Chapter 13 of the United States Bankruptcy Code on June 7, 1995. Walters listed his occupation as a self-employed sign painter with a monthly net income of $2,150.00. Walters listed in his Chapter 13 petition as exempt assets with a value of $4,500.00, a 1989 Javalin fishing and skiing boat, a 110 HP motor, a trolling motor, and a trailer.

The schedules stated that Deere had a secured claim based on its financing the purchase of the boat, motors, and trailer.

■ At the July 10, 1995 hearing on the Motion and Objection, the parties stipulated that (1) Walters has no equity in the boat, motors, and trailer; (2) the principal debt on the boat, motors, and trailer is $8,239.60; and (3) the value of the boat, motors, and trailer is $5,900.00. At the hearing, Walters stated that he would amend his plan to pay the current rate of interest on the $5,900.00 secured balance owed to Deere. In addition, Walters stated that his plan proposed to pay one-hundred percent (100%) of the claims of all unsecured creditors, including the unsecured portion of Deere's claim. The parties agreed that the amount of the unsecured claim would be $3,079.60, which is the difference between $8,279.60 and $5,200.00. Walters agreed to amend his plan to reflect the stipulations made at the hearing.[1]

Stipulated exhibit No. 1 is a proof of claim filed by Deere to which is attached a copy of the loan contract and security agreement. This exhibit states that the price of the boat, motors, and trailer was $15,465.82, and that Walters made a down payment of $3,221.89. The contract called for a 15.25% rate of interest for a ten (10) year period with monthly payments of $210.05. The estimated total sale price of the boat, motors, and trailer was listed as $28,427.89.

Stipulated exhibit No. 2 is Walters' schedule D which lists his indebtedness, and places a value of $4,500.00 on the collateral. Stipulated exhibit No. 3 is the Chapter 13 narrative statement of Walters' plan.[2]

At the hearing, the Chapter 13 trustee testified that if Walters had filed a Chapter 7 bankruptcy petition, it would be classified as a no asset case. He stated that it was likely

---

1. Walters' Chapter 13 file does not reflect that he has amended his plan to incorporate these changes. The Court can take notice of pleadings of record and of facts that are not subject to reasonable dispute in that they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See In re Calder*, 907 F.2d 953, 955 n. 2 (10th Cir.1990); *Annis v. First State Bank of Joplin*, 96 B.R. 917 (W.D.Mo.1987).

2. Under Walters' original plan, he proposed to pay Deere $4,500.00 at a rate of interest of eight percent (8%). In addition, the plan proposed to pay all unsecured creditors one-hundred percent (100%) of their claim. Deere filed a proof of claim in the amount of $8,279.60 based on a perfected purchase-money lien.

that Deere would regain possession of the boat, motors, and trailer and that any resulting resale of the collateral would result in a deficiency. The trustee testified that in addition to the boat, motors, and trailer, Walters listed as his assets one acre of land, a house trailer which is situated upon the land, furniture including a television, VCR and stereo, clothing, cash in the amount of $220.00, a 1989 Ford pickup truck, upon which there is no debt, and tools and ladders used in Walters' business valued at $500.00.

The Chapter 13 trustee also testified that if Deere's secured claim were removed from the plan by the Court's grant of relief from the stay, all of the unsecured creditors, including Deere as a holder of an unsecured claim, would begin receiving payments at an earlier date. The trustee stated that Deere held the only secured claim under the plan because the payments on the exempt one acre of land and house trailer were outside of the plan.

Walters testified that he has been a self-employed sign painter since 1987. He stated that his principal source of income is derived from two painting contracts. Walters stated that he has received this same income based on these two contracts since 1987, and that he expected these contracts to continue at the present rate of payment. Walters testified that his monthly expenses were $1,797.00, and that he was committing all of his disposable income to the Chapter 13 trustee for payment under the plan. Walters testified that the boat, motors, and trailer were used primarily for fishing and skiing.

Walters testified that at the time he filed his petition, he was two or three months delinquent on his payments to Deere. At the hearing, Walters testified that the boat, motors, and trailer were insured for approximately $11,000.00. Finally, the parties stipulated that Walters would amend his plan to pay a 10.25% rate of interest on Deere's secured claim.

## III. Conclusions of Law

### A. Motion for Relief From Stay

In its Motion for Relief from Stay, Deere argues that Walter's plan does not provide for any physical damage insurance coverage on the boat, motors, and trailer, resulting in Deere being entitled to relief from the stay pursuant to 11 U.S.C. § 362(d)(1). At the hearing, Walters testified that the boat, motors, and trailer were insured for $11,000.00. Deere presented no evidence to the contrary. Therefore, Deere's Motion for Relief from Stay filed pursuant to section 362(d)(1) is denied.

Deere, however, also makes an argument that it is entitled to relief from stay pursuant to section 362(d)(2) because the boat, motors, and trailer are luxury goods which are not necessary for an effective reorganization or for Walters' maintenance and support. Deere argues that the boat, motor and trailer (1) are luxury goods used solely for recreational purposes; (2) are not necessary for Walters' business; and (3) do not produce income for Walters. In support of its position, Deere cites *In re Cockings*, 172 B.R. 257 (Bankr.E.D.Ark.1994); *In re Lewis*, Ch. 13 Case No. 90–15246 (Bankr.W.D.Ark. November 26, 1990).

Walters argues that 11 U.S.C. § 362(d)(2) is not applicable because the term "reorganization" as used in this subsection does not apply to a Chapter 13 case as a Chapter 13 case is not a reorganization, but rather a "debt" adjustment. In support of this position, Walters cites *In re Fischer*, 136 B.R. 819 (D.Alaska 1992); *In re Rhoades*, 34 B.R. 164 (Bankr.D.Vt.1983).

■ Alternatively, if section 362(d)(2) is applicable, Walters argues that the boat, motors, and trailer are necessary to his effective reorganization as it is a modest boat and equity would allow him some reasonable recreational outlet from his labor.[3] In support of his position that a boat, motors, and trailer are necessary for an effective reorganization, Walters cites *In re Shelby*, 127 B.R. 682 (Bankr.N.D.Ala.1991) (television necessary for an effective reorganization of young couple and their minor children's personal finances based on 20th Century American society).

---

**3.** If this section is applicable, then Walters has the burden of proof on whether the fishing/ski boat, motors, and trailer are necessary to an effective reorganization.

■ Section 362(d)(2) provides that the court shall grant relief if "(A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). Courts have reached different conclusions concerning the application of section 362(d)(2) to Chapter 13 cases. *See In re Siciliano*, 167 B.R. 999, 1010 n. 7 (Bankr. E.D.Pa.1994). Generally, the cases which hold that this subsection does not apply, argue that application of the subsection would result in a Chapter 13 debtor, whose primary purpose is debt adjustment, being exposed through lift-stay actions to dispossession of property. *See In re Rhoades*, 34 B.R. 164, 166–67 (Bankr.D.Vt.1983).

In addition, these cases argue that because the term "reorganization" is a term used in the language of Chapter 11 cases and not Chapter 13 cases, the subsection was not intended to be applied to Chapter 13 cases. *See In re Fischer*, 136 B.R. 819 (D.Alaska 1992); *In re Feimster*, 3 B.R. 11, 14 (Bankr. N.D.Ga.1979) (Chapter 13 petitions are for the "Adjustment of Debts of an Individual" not reorganization).

Cases which support the application of subsection 362(d)(2) base their conclusion on the wording of 11 U.S.C. § 103(a) which specifically provides that Chapters 1, 3, and 5 of the Code will apply to a case under Chapter 7, 11, or 13. *See In re Ashton*, 63 B.R. 244, 247 n. 1 (Bankr.D.N.D.1986); *Grundy Nat'l. Bank v. Stiltner*, 58 B.R. 593, 595 (W.D.Va. 1986). There is no language in 11 U.S.C. § 103 which excludes subsection 362(d)(2) from applying to Chapter 13 cases. Therefore, these cases reason that because Congress did not specifically exclude subsection 362(d)(2) from application to Chapter 13 cases, the subsection applies. *See In re Scott*, 121 B.R. 605, 607 (Bankr.E.D.Okla. 1990); *In re Garner*, 18 B.R. 369, 370–71 (S.D.N.Y.1982).

This Court agrees with the latter cases. Chapter 3 of the Code, which includes subsection 362(d)(2)(B), is clearly incorporated for use within Chapter 13 cases pursuant to 11 U.S.C. § 103(a). *See Id.* If Congress had intended for subsection 362(d)(2) to be excluded from the referral of 11 U.S.C. § 103(a), then Congress would have so stated.

As subsection 362(d)(2) applies to Walters' Chapter 13 case, the Court must decide if Walters has any equity in the boat, motors, and trailer, and if this property is necessary for the effective reorganization of Walters' debts. The parties have stipulated that Walters has no equity in the property at issue.

This Court has held in the past that a boat, motor, and trailer were not necessary for reorganizational purposes in a Chapter 13 case. *See In re Lewis*, Ch. 13 Case No. 90–15246 (Bankr.W.D.Ark. November 26, 1990).[4] In *In re Lewis*, this Court held that because the boat, motor, and trailer were luxury items which did not produce income for the debtor, the property was not necessary for the effective reorganization of the debtor. In *In re Cockings*, 172 B.R. 257 (Bankr. E.D.Ark.1994), the Court held that the debtor's contention that a recreational vehicle which did not assist toward repayment of creditors was necessary for an effective reorganization was not a valid argument.[5] *In re Lewis* and *In re Cockings*, however, did not involve a self-employed Chapter 13 debtor as is the case here.

■ The Court finds that self-employment is not a relevant factor under Chapter 13 as it relates to subsection 362(d)(2). *See In re Brannan*, 40 B.R. 20, 23 n. 2 (Bankr.N.D.Ga. 1984) (chapter 13, even if used by small businesses, is to be used for debt adjustment, not reorganization of business).

■ In the instant case, Walters testified that he only used the boat for fishing and skiing. Walters testified that all of his income is derived from two contracts he had with other parties who were not connected to the boat, motors, and trailer. "[A]n effective reorganization means a probability that the Chapter 13 Plan as proposed can be funded

4. *In re Lewis* did not address the issue of whether subsection 362(d)(2) was applicable in a Chapter 13 case.

5. *In re Cockings* did not address the issue of whether subsection 362(d)(2) was applicable in a Chapter 13 case.

in a way which will cure the arrearages." *See In re Ashton* 63. B.R. at 247. Here, the boat is not funding Walters' Chapter 13 plan. Therefore the boat, motors, and trailer are not contributing to the probability that the Chapter 13 plan will be funded.

The Court holds that the boat, motors, and trailer are not necessary for the effective reorganization of Walters. *See In re Berger*, 61 F.3d 624 (8th Cir.1995) (racing car not necessary for Chapter 12 debtors' operation of farm); *In re Garner*, 13 B.R. 799, 802 (Bankr.S.D.N.Y.1981) (whether self-employed or not, Chapter 13 debtor seeks an individual economic rehabilitation not a reorganization). Deere's Motion for Relief from Stay filed pursuant to 11 U.S.C. § 362(d)(2) is granted.

### B. *Objection to Confirmation*

Because the Court has granted relief from the stay, Deere's Objection to Confirmation is moot. Nonetheless, if the Court were to address the objection, it would be sustained.

The parties have agreed that Walters would pay a 10.25% rate of interest to Deere on the $5,900.00 secured value of the collateral. In addition, Walters stated that he would pay all of the unsecured claims in full including the unsecured amount of Deere's claim. Moreover, Walters testified that the boat, motors, and trailer were insured.

Even though Walters agreed to all of these requests made by Deere, he has failed to make these required amendments to his plan. Therefore, the Court would sustain the objection and give Walters twenty (20) days to amend his plan to conform to agreed stipulations.