Argued and submitted March 10, accused publicly remanded June 5,
reconsideration denied July 29, 2003

In re Complaint as to the Conduct of

# LAUREN PAULSON,
*Accused.*

## (OSB 00-105; SC S49826)

71 P3d 60

Lauren Paulson argued the cause and filed the briefs for himself.

Mary Anne Cooper, Assistant Disciplinary Counsel, Lake Oswego, argued the cause and filed the brief for the Oregon State Bar.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.

PER CURIAM

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar (Bar) alleged that the accused had violated Code of Professional Responsibility Disciplinary Rule (DR) 2-106(A) by billing a client for time spent responding to the client's complaint to the Bar against the accused.[1] A trial panel of the Disciplinary Board concluded that the accused had violated DR 2-106(A) and imposed a public reprimand. The accused sought review of the trial panel's decision. We review *de novo*. ORS 9.536(3); Bar Rule of Procedure (BR) 10.6. We also conclude that the accused violated DR 2-106(A) and impose a public reprimand.

The accused represented a client (Ring) in various matters. After a dispute arose regarding the representation, the accused withdrew. Ring then complained to the Bar regarding the accused's conduct. (The nature of Ring's allegations is not relevant here.) The Bar sent the accused a letter of inquiry. The accused responded to the letter, and the Bar took no further action regarding Ring's original complaint.

The accused, however, billed Ring $67.50 for the time that he spent responding to the Bar's letter of inquiry.

---

[1] DR 2-106 provides in part:

"(A) A lawyer shall not enter into an agreement for, charge or collect an illegal or clearly excessive fee.

"(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) The fee customarily charged in the locality for similar legal services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circumstances.

"(6) The nature and length of the professional relationship with the client.

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

"(8) Whether the fee is fixed or contingent."

Ring complained to the Bar about that bill. The accused continued to bill Ring for the $67.50 for almost one year before deleting it. Afterwards, the Bar filed a formal complaint charging that the bill for $67.50 was for an excessive fee in violation of DR 2-106(A).

■     The accused first argues that the trial panel's delay in filing an opinion requires dismissal. The hearing transcript in this matter was settled on June 28, 2002, but the trial panel did not file its written opinion with Disciplinary Counsel until October 2, 2002, 96 days later. That was well outside the time within which the trial panel should have filed its opinion with Disciplinary Counsel. BR 2.4(i)(2)(a).[2] Therefore, the accused contends that the charges should be dismissed.

We reject the accused's argument. Time delays do not warrant dismissal except when the delay "substantially prejudiced the ability of the accused or applicant to receive a fair hearing." BR 11.1.[3] Here, the trial panel's delay occurred after the hearing, and the accused fails to allege any prejudice to his ability to receive a fair hearing or to seek review by this court.

■     On the merits, we conclude that the accused violated DR 2-106(A). The accused cites nothing in the common law, and no statute, rule, or contractual provision, that would entitle him to collect the fee at issue from Ring.[4] In other

---

[2] When the Bar filed its formal complaint against the accused in March 2001, *former* BR 2.4(i)(2)(a) required the trial panel to file its opinion within 21 days after (among other possibilities) the date when the transcript was settled. Effective June 28, 2001, BR 2.4(i)(2)(a) was amended to require the trial panel to file its opinion within 28 days. The Bar does not address the issue explicitly, but appears to concede that the 21-day deadline applied here. We need not decide which version of the rule applied; the trial panel filed its decision well outside both deadlines.

[3] BR 11.1 provides:

"The failure of any person or body to meet any time limitation or requirement in these rules shall not be grounds for the dismissal of any charge or objection unless a showing is made that the delay substantially prejudiced the ability of the accused or applicant to receive a fair hearing."

[4] The accused contended before the trial panel that Ring was required to pay the charge for responding to the Bar complaint under a *quantum meruit* theory. He failed to elaborate on that argument. "The purpose of *quantum meruit* is to prevent unjust enrichment at the expense of another." *Schroeder v. Schaefer*, 258 Or 444, 466, 483 P2d 818 (1971). The accused did not enrich Ring by responding to her complaint to the Bar.

words, the accused billed Ring for a fee that she had no obligation to pay. Without such an obligation, the fee is clearly excessive.

This court has held fees to be clearly excessive when the accused lawyer billed a client for time that the lawyer in fact spent representing his or her own interests. *See In re Benett*, 331 Or 270, 278, 14 P3d 66 (2000) (violation of DR 2-106(A); "On this record, the accused was representing only his own interests in his fee dispute with the [clients] and he could not properly bill the [clients] for that time."); *In re Stauffer*, 327 Or 44, 64, 956 P2d 967 (1998) (violation of DR 2-106(A); accused lawyer billed estate for, among other things, "the time he spent defending himself against * * * [the former personal representative of the estate's] complaints to the Bar about him"); *see also In re Miller*, 303 Or 253, 256-57, 735 P2d 591 (1987) (violation of DR 2-106(A); accused lawyer billed client for, among other things, 12 hours spent representing different client).

The accused disputes that interpretation of *Benett* and *Stauffer*. He contends that the quoted comment from *Stauffer* was *dictum* and that *Benett* was decided wrongly because it misapplied *Stauffer*. We reject both arguments. In *Stauffer*, the court held that the accused lawyer charged a fee that was excessive for a multitude of reasons, one of which was that the accused lawyer had billed for time spent responding to a Bar complaint, *see* 327 Or at 63-64 (listing reasons that accused had charged excessive fees); that conclusion was not *dictum*. *Benett* thus correctly characterized *Stauffer* as holding that "charges for defending against Bar complaints constituted [an] excessive fee[.]" 331 Or at 278.

The accused also contends that DR 2-106(B) demonstrates that the Bar may not challenge the reasonableness of an amount that he includes as a particular item on a bill, but must challenge the reasonableness of the fee as a whole. That argument is meritless. The test for whether a fee is clearly excessive is whether, "after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." DR 2-106(B). An accused lawyer who charges a client for work that the lawyer performed—but not for the benefit of

that client—has charged a fee in excess of a reasonable fee, even if the excessive charges appear within a bill that contains other reasonable charges.

The accused also contends that the trial panel should have analyzed individually each of the factors of DR 2-106(B). Those factors are "considered as guides in determining the reasonableness of a fee." *Id.* Application of those guides here would not advance the analysis. For example, there is no point in considering the time expended or difficulty of the work, DR 2-106(B)(1), because Ring had no obligation to pay for the services regardless of how efficiently the accused performed them. Similarly, there is no need to consider the fee charged in the area for similar legal services, DR 2-106(B)(3), because Ring was not liable for any fee regardless of the reasonableness of the accused's rate.

■ We conclude that a fee charged for time spent exclusively in pursuit of a lawyer's own interests violates DR 2-106(A). The accused acted exclusively in his own interests when he responded to Ring's complaint to the Bar. Consequently, the fee that the accused charged for his efforts was excessive and in violation of DR 2-106(A).

As a final matter, we must determine the appropriate sanction.

> "This court refers to the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991) (amended 1992) (ABA Standards) for guidance in determining the appropriate sanction for lawyer misconduct. To determine the appropriate sanction, this court first considers the duty violated, the accused's mental state, and the actual or potential injury caused by the accused's misconduct. Considering those three factors leads to a suggested sanction, which this court may choose to impose or may modify after examining aggravating and mitigating circumstances and this court's case law."

*In re Lackey,* 333 Or 215, 228-29, 37 P3d 172 (2002) (citations and internal quotation marks omitted).

The duty that the accused violated is one owed as a professional. ABA Standard 7.0 introduction (so characterizing violations described in DR 2-106). The trial panel found,

and the Bar does not dispute, that the accused's state of mind was negligent; on *de novo* review we conclude, however, that the accused's conduct was knowing. The accused's conduct could have injured Ring by causing her to pay fees that she did not owe.

The accused's violation of DR 2-106(A) is aggravated by the accused's substantial experience in the legal profession (he has been a member of the Bar since 1973). ABA Standard 9.22(i). However, the accused has no prior disciplinary record, and he made full and free disclosure to the Disciplinary Counsel's Office, which mitigate his actions. ABA Standards 9.32(a), (e).

In *In re Potts/Trammel/Hannon*, 301 Or 57, 718 P2d 1363 (1986), the only recent case in which this court considered a violation of DR 2-106(A) without significant other disciplinary violations, the court imposed a public reprimand. *Id.* at 75. Under the facts and circumstances of this proceeding, we agree with the trial panel and Bar, and conclude that a public reprimand is the appropriate sanction.

The accused is publicly reprimanded.