116 April 1, 2026 No. 238

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRAVIS J. REED,
*Defendant-Appellant.*

Union County Circuit Court
20CR64060; A182075

Thomas B. Powers, Judge.

Submitted December 5, 2025.

Lindsey Burrows filed the briefs for appellant. Also on the opening brief was O'Connor Weber LLC.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

Kamins, J., dissenting.

**JACQUOT, J.**

Defendant appeals a judgment of conviction following a bench trial for four counts of first-degree sexual abuse, ORS 163.427; three counts of second-degree sexual abuse, ORS 163.425; six counts of third-degree sexual abuse, ORS 163.415; two counts of luring a minor, ORS 167.057; two counts of third-degree rape, ORS 163.355; one count of private indecency, ORS 163.467; and one count of using a child in a display of sexually explicit conduct, ORS 163.670. Defendant was sentenced to over 46 years in prison. In one assignment of error, he argues that the trial court erred by admitting other acts evidence of two prior convictions for third-degree rape under OEC 404(4). Because defendant has not demonstrated reversible error, we affirm.

Defendant's convictions stem from alleged sexual abuse of his two teenage stepdaughters over the course of many years. During the investigation, in his recorded police interviews admitted as evidence at trial, defendant admitted to some of the charged acts but disputed that they were done for a sexual purpose, and he denied that patently sexual acts occurred at all. Defendant filed a pretrial motion to exclude evidence that approximately 20 years before the trial in this case, when defendant was in his early twenties, he pleaded guilty to two counts of third-degree rape for having sex with a 15-year-old girl. The state filed a motion to admit evidence of the convictions as "other acts" under OEC 404(3) and OEC 404(4).

At a hearing on the motions, the trial court concluded that the evidence was logically relevant under OEC 401 "as to the defendant's sexual interest in children. It's relevant therefore to his intent. It's relevant to required elements of the state's claim. That is, that the defendant has a sexual interest in minor children." Further, the court determined that it was "also relevant to his mental state. That is, whether he knew that his conduct would be unlawful[,] *** a required element ***. That is certainly relevant information under any construction of Rule 401."

Next, the court considered whether the evidence was admissible under OEC 404(3), noting that under OEC

404(3), if evidence is relevant, it can be excluded only if offered "solely to prove character," *i.e.*, a defendant's propensity. It determined that the evidence was admissible under OEC 404(3) as evidence of defendant's knowledge or intent, as it had already discussed. The court then analyzed the evidence under OEC 404(4). It explained that OEC 404(4) does not impose the same limitations on propensity evidence as OEC 404(3); instead, evidence admitted under OEC 404(4) is subject only to OEC 401 and balancing under OEC 403. It stated that, "if it's relevant under 401, under 404(4) the propensity issues really are not relevant to the legal analysis. The reasons for which it's being offered, as long as relevant don't have to meet those requirements of 404(3)." The court concluded that the evidence was "relevant. It's not excluded under 404(3). It's relevant under 404(4) in any case * * *."

Proceeding to its OEC 403 analysis, the court determined that the evidence was "extremely probative" and evidence of "an essential element of the charged offenses," namely, "that the defendant acted with a sexual purpose." Referencing *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), the court explained that the evidence fell "squarely into that category of evidence that the state is entitled to rely on as strong evidence that this particular adult, [defendant], has a sexual interest in children."[1] The court compared the evidence of defendant's convictions to the evidence in *Williams*—that two pairs of children's underwear were found under the defendant's mattress—and determined that "if that evidence in *Williams* survives the 403 balancing it is hard to imagine how the evidence in this case" would not.[2]

---

[1] *Williams* is the seminal case that established that, "[i]n cases in which the state must prove that the defendant acted for a sexual purpose," such as prosecutions for first-degree sexual abuse, "evidence of a defendant's prior acts or interactions with children [is likely admissible] when it is offered to establish that the defendant has a sexual interest in children, because it is relevant and probative to the issue of whether the defendant committed the act for a sexual purpose." *State v. Martinez*, 341 Or App 10, 16, 572 P3d 1081, *rev den*, 374 Or 421 (2025) (*Enrique Martinez*) (citing *Williams*, 357 Or at 23); *see* ORS 163.427(1)(a) (first-degree sexual abuse requires proof of "sexual contact," which is defined as touching of sexual or intimate body parts "for the purpose of arousing or gratifying the sexual desire of either party," ORS 163.305(5)). "However, such evidence cannot be used to prove that, because the defendant has a sexual interest in children, the defendant committed the charged act." *Enrique Martinez*, 341 Or App at 17.

[2] As addressed further below, we note that the court in *Williams* did not engage in an OEC 403 balancing analysis. *Williams*, 357 Or at 23 ("Defendant

It acknowledged that the evidence was "extremely prejudicial. That's why the state is offering it," but it noted that "[t]he question is whether it's unfairly prejudicial." The court determined that the evidence "wouldn't be excluded here because the case law even before *Williams* made it clear that convictions for similar offenses would be admissible * * *, even with 403 balancing, for the reasons I described before."

Finally, the court balanced the probative value and danger of unfair prejudice and stated that, "if it's not clear on the record, it would be the defense burden to show that any prejudice is, A, unfair, and, B, that the unfair prejudice substantially outweighs the probative value. I've already found that the probative value is extraordinarily high. I've already found that * * * the risk of prejudice is not unfair." It emphasized that any prejudice that might arise "could be mitigated by the defense opportunity to confront witnesses, to object to the receipt of particular evidence, and to cross-examine witnesses," and that it would give special jury instructions as requested.

Defendant waived his right to a jury trial and proceeded to a bench trial. During trial, the state offered into evidence a 2003 judgment of conviction for two counts of third-degree rape, which, in an addendum titled "Special Conditions of Probation for Sex Offenders," referred to defendant as having "sexual deviancy" and offenders who offend against children as "pedophile[s]." Defendant objected to admission of the judgment, and the court overruled the objection, stating that the issue was covered by its earlier ruling admitting evidence of the convictions.

On appeal, we understand defendant to challenge the admission of testimony about the prior convictions along with the judgment of conviction, including the form addendum, as a whole. Defendant does not argue that the evidence was not relevant under OEC 401 and instead challenges its admission under OEC 404 and OEC 403. Defendant's argument is two-fold and relies on the underlying supposition that the trial court erroneously failed to appreciate the

does not contend that the trial court erred in its OEC 403 analysis, and we therefore do not consider that issue on review.").

propensity purpose of the evidence in its OEC 403 analysis. Defendant argues first that the trial court erred by determining that the evidence was admissible under OEC 404(3) as nonpropensity evidence relevant to prove defendant's knowledge and intent. Defendant then argues that the trial court's incorrect assessment of the evidence as relevant for nonpropensity purposes improperly influenced its subsequent OEC 403 balancing under OEC 404(4). The state responds that the trial court properly evaluated the evidence as propensity evidence under OEC 404(4) and, regardless, any error in admitting the evidence of defendant's prior convictions was harmless.

OEC 404(3) prohibits the introduction of other acts evidence "to prove the character of a person in order to show that the person acted in conformity therewith"—*i.e.*, to prove the defendant's "propensity"—and provides a list of nonpropensity purposes to admit the evidence, such as to prove intent, motive, or knowledge.[3] However, in criminal trials, OEC 404(4) governs the admissibility of other acts evidence, and it does not categorically exclude propensity evidence.[4] *State v. Davis*, 372 Or 618, 641-42, 553 P3d 1017 (2024). Evidence is admissible under OEC 404(4) if it is relevant under OEC 401,[5] and if its probative value is not substantially outweighed by the danger of unfair prejudice

---

[3] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[4] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) [Certain other rules of evidence] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

[5] OEC 401 provides:

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

under OEC 403.[6] *State v. Martinez*, 335 Or App 643, 650, 559 P3d 907 (2024), *rev den*, 373 Or 713 (2025) (*Roberto Martinez*). We review the trial court's ultimate admissibility determination under OEC 403 for abuse of discretion. *State v. Martinez*, 341 Or App 10, 13, 572 P3d 1081, *rev den*, 374 Or 421 (2025) (*Enrique Martinez*). Whether the trial court properly applied the balancing test under OEC 403 is a question of law. *State v. Shaw*, 338 Or 586, 614-15, 113 P3d 898 (2005).

Although OEC 404(4) is the operative rule in criminal cases, "considering how the proffered evidence would have fared under [OEC 404(3)] will have a significant effect on whether the trial court admits that evidence under the balancing required by OEC 403." *Davis*, 372 Or at 635 (internal quotation marks omitted). Therefore, whether the court understands the evidence to derive its relevance from nonpropensity or propensity purposes can impact its OEC 403 balancing. *State v. Cave*, 298 Or App 30, 41, 445 P3d 364 (2019) (*Cave I*) (reversing, in first-degree sexual abuse prosecution, where evidence of the defendant's sexual abuse of a different child was admitted, because "the trial court's error in finding the prior conduct evidence to be probative on multiple nonpropensity theories resulted in the trial court giving undue weight to the quantum of probative value of the uncharged conduct, which affected its OEC 403 balancing in this case"). When a trial court admits other acts evidence under an incorrect theory of relevance, we have generally reversed and remanded with instructions to conduct a correct analysis under OEC 404 and OEC 403 and determine whether the evidence should again be admitted or whether a new trial is required or appropriate. *See, e.g.*, *State v. Cave*, 321 Or App 81, 90, 516 P3d 279 (2022) (*Cave II*); *State v. Nolen*, 319 Or App 703, 711, 511 P3d 1110 (2022).

In recent years, we have consistently held that evidence of a defendant's sexual interest in children relies upon propensity reasoning for its relevance. *See, e.g.*,

---

[6] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

*State v. Travis*, 344 Or App 496, 504, 580 P3d 889 (2025) (*Travis II*) ("To be sure, other-acts evidence offered to establish a defendant's sexual interest in children is propensity evidence because it relies on an intermediate character inference."); *Enrique Martinez*, 341 Or App at 22 (relevance of evidence offered to establish a defendant's sexual interest in children "relies upon propensity reasoning"); *Roberto Martinez*, 335 Or App at 656 n 9 (relevance of evidence offered to establish a defendant's sexual interest in children "employ[s] propensity reasoning"). Thus, such evidence is not admissible under a nonpropensity theory of relevance, such as intent and knowledge as described in OEC 404(3). *See Davis*, 372 Or at 632 ("If character and propensity reasoning is necessary, in any amount, to establish relevance and connect the other act to the issues at trial, OEC 404(3) requires its exclusion."). However, "[i]n cases in which the state must prove that the defendant acted for a sexual purpose," such as prosecutions for first-degree sexual abuse, "evidence of a defendant's prior acts or interactions with children [is likely admissible] when it is offered to establish that the defendant has a sexual interest in children, because it is relevant and probative to the issue of whether the defendant committed the act for a sexual purpose," subject to OEC 403 balancing. *Enrique Martinez*, 341 Or App at 16 (citing *Williams*, 357 Or at 23); *see* ORS 163.427(1)(a) (first-degree sexual abuse requires proof of "sexual contact," which is defined as touching of sexual or intimate body parts "for the purpose of arousing or gratifying the sexual desire of either party," ORS 163.305(5)). Nevertheless, "such evidence cannot be used to prove that, because the defendant has a sexual interest in children, the defendant committed the charged act." *Enrique Martinez*, 341 Or App at 17.

Applying the above principles to this case, and considering the arguments put forth by defendant, the court erred when it explicitly admitted the evidence under OEC 404(3) as relevant for the nonpropensity purpose of proving knowledge.[7] However, the trial court did not end its analysis

---

[7] That ruling was error because the evidence was not admissible under any nonpropensity theory of relevance, including knowledge, and because the court's articulation of "knowledge" as a nonpropensity basis was incorrect: the state did

there. The court continued and ruled that the evidence was admissible under OEC 404(4), noting that OEC 404(4) does not prohibit propensity evidence and that it was admitting the evidence for the purpose of proving defendant's "sexual interest in children," because it is "evidence of an essential element of the charged offenses and that is that the defendant acted with a sexual purpose." *See* ORS 163.427(1)(a)(A) (providing that "[a] person commits the crime of sexual abuse in the first degree when that person" subjects a person under the age of 14 to sexual contact). Defendant argues that the court's analysis was insufficient to show that it properly considered the evidence as offered for a propensity purpose, which requires the trial court to "grapple[] with the specific prejudices associated with propensity evidence when weighed against its probative value under OEC 403." *Cave II*, 321 Or App at 89.[8] Defendant points specifically to

___

not need to prove that defendant "knew that his conduct would be unlawful," as described by the trial court. *See* ORS 161.115(4) ("Knowledge that conduct constitutes an offense, or knowledge of the existence, meaning or application of the statute defining an offense, is not an element of an offense unless the statute clearly so provides.").

[8] Defendant largely relies on and compares his case to our decisions in *Cave II* and *State v. Travis*, 320 Or App 460, 513 P3d 614 (2022) (*Travis I*). However, both decisions are readily distinguishable. In *Cave II*, we reversed and remanded for the trial court to conduct appropriate OEC 403 balancing regarding prior bad acts evidence, despite it describing the evidence as being admitted to show the defendant's "sexual purpose," because

"[u]pon review of the record, we disagree with the state that this is an instance where the trial court's explanation of its ruling indicates that it clearly considered the propensity-based nature of the evidence in its OEC 403 balancing. Here, the trial court explicitly and repeatedly stated that it was admitting [the evidence] for 'nonpropensity purposes' and that the '[evidence] was never received for any propensity purpose.' Although both parties presented arguments regarding the [evidence's] admissibility as propensity evidence under OEC 404(4), the trial court expressly declined to 'reach that issue because [the evidence] wasn't admitted for a propensity purpose.'"

*Cave II*, 321 Or App at 88. In this case, the trial court never said that it was not receiving the evidence for a propensity purpose. It explicitly recognized one purpose—knowledge—as nonpropensity, described the difference between OEC 404(3) and OEC 404(4) regarding propensity reasoning, and then discussed sexual interest in children as an allowable purpose under OEC 404(4). It never identified it as a nonpropensity purpose, nor disclaimed any reliance on a propensity reasoning like the trial court in *Cave II*.

In *Travis I*, a second-degree sexual abuse case in which the trial court admitted evidence of the defendant's prior conviction for first-degree rape of his daughter, the trial court did not explicitly disclaim reliance on a propensity basis for admitting the evidence like in *Cave II*. 320 Or App at 463-64. However, we reversed and remanded upon determining that the trial court did not consider

the court's statement that under *Williams*, "if it's relevant under [OEC] 401, under [OEC] 404(4) the propensity issues really are not relevant to the legal analysis. The reasons for which it's being offered, as long as relevant don't have to meet those requirements of [OEC] 404(3)."[9] He acknowledges that the court identified the evidence as admissible to show defendant's "sexual interest in children" under *Williams* but argues that the court did not explicitly recognize that as a propensity basis for admission and, in fact, erroneously

---

the evidence for a permissible OEC 404(4) purpose when it "explained a list of the express OEC 404(3) theories of noncharacter relevance" in its ruling, and the jury instructions it provided "clearly suggest[ed]" that it admitted the evidence "for the purpose of deciding whether the defendant had a particular motive, purpose, plan, or sexual interest in children." *Id.* at 468. Here, the trial court implicitly identified that admitting the evidence under OEC 404(4) for sexual purpose included propensity reasoning as distinct from the OEC 404(3) purpose of knowledge.

Further, and importantly, the defendant in *Travis I* was not charged with first-degree sexual abuse, and "the child abuse offenses charged in [*Travis I*] do not require the state to prove that [the] defendant acted with a sexual purpose[.]" *Travis II*, 344 Or App at 498, 509 (the defendant was charged with "five counts of second-degree sexual abuse, ORS 163.425, *** as well as first-degree rape, ORS 163.375, strangulation constituting domestic violence, ORS 163.187, fourth-degree assault constituting domestic violence, ORS 163.160, two counts of first-degree unlawful sexual penetration, ORS 163.411, and two counts of coercion, ORS 163.275"). Thus, *Travis I* is also distinguishable because the state did not have to prove that the defendant acted with a sexual purpose as an element of the any of the charges.

[9] As additional evidence that the trial court's OEC 403 balancing was incorrect, defendant points to the trial court's statement that it would be the defense's burden to show that any prejudice is unfair and that the unfair prejudice substantially outweighs the probative value of the evidence. Defendant notes that the proponent of the evidence, in this case the state, bears that burden. *See State v. Gonzalez-Sanchez*, 283 Or App 800, 806, 391 P3d 811, *rev den*, 361 Or 645 (2017) ("The proponent of the evidence bears the burden of convincing the court that the evidence not only is logically relevant but also that its probative value is substantial enough to outweigh any attendant danger of unfair prejudice." (Internal quotation marks and brackets omitted.)). The state argues that defendant failed to preserve his argument when he did not object during the court's ruling. However, the parties had submitted motions *in limine* that explained the appropriate analysis, extensively argued those motions in front of the court, and the court's incorrect understanding only arose when the court was providing its final ruling on the issue. Thus, we conclude that, to the extent defendant failed to preserve his argument, preservation is excused. *See State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011) ("Once a court has ruled, a party is generally not obligated to renew his or her contentions in order to preserve them for the purposes of appeal."). Nevertheless, reviewing the trial court's statements, we understand the court to have determined that the probative value of the evidence was particularly high, and that the danger of prejudice was not unfair on its face, regardless of the parties' arguments, and we do not interpret the trial court to have applied the standard in the way argued by defendant.

identified it as a nonpropensity basis when it stated that the evidence "is logically relevant as to the defendant's sexual interest in children. It's relevant therefore to his intent."

Considering defendant's arguments on appeal, we determine that the court did not err on the grounds averred by defendant.[10] Although the court did not specifically identify the evidence as admissible on a propensity basis, it implicitly recognized the propensity aspect by differentiating the purposes of "knowledge" under OEC 404(3) and "sexual purpose" under OEC 404(4) and acknowledging that OEC 404(4) does not prohibit propensity evidence. Contrary to defendant's interpretation, upon our review of the record, we understand the trial court's statement that "propensity issues really are not relevant to the legal analysis" to refer to admissibility under OEC 404(4), as in that OEC 404(4)—unlike OEC 404(3)—does not exclude evidence purely because it is offered for a propensity purpose. It was not saying that the fact that the relevance is propensity-based is irrelevant to balancing its probative and prejudicial value under OEC 403. Further,

---

[10] As the dissent explains, "the case law on the admissibility of 'other acts' evidence is a bit of a morass." 348 Or App at 130 (Kamins, J., dissenting). We do not disagree. Our disagreement reduces to the prudential determination of how specific a party's argument must be on appeal to fairly present the argument for our consideration. Although defendant broadly argued that the trial court erred in its OEC 403 balancing, he did not identify any reason supported by the record to justify reversal. Defendant's argument that the trial court incorrectly admitted the evidence for a nonpropensity purpose does not translate to the argument that the trial court incorrectly believed that *Williams* conducted OEC 403 balancing and improperly relied on that decision, such that the state should have understood and responded to that reasoning. *Cf.*, *State v. Hernandez-Sanchez*, 339 Or App 532, 552 n 10, 569 P3d 673, *rev den*, 374 Or 379 (2025) (determining that the defendant's argument that "the trial court's consideration of his 'trial strategy' was not a 'wholly logical, non-vindictive' reason for the increased sentence that he received on remand, at least broadly understood, adequately presents for our consideration whether the trial court vindictively sentenced defendant for exercising his constitutionally protected right to present a defense"). Were we to reverse and remand for the reasons articulated by defendant, we would contribute to the morass that the dissent highlights. However, were we to substitute our own reasons that do not flow from defendant's articulated arguments, our impartiality is open to questioning, and the opposing party is provided no opportunity to respond. A party must present more than simply that the trial court erred in conducting its OEC 403 balancing, such as how and why, to allow the opposing party to meaningfully engage and argue otherwise. Although our decision may lead to additional time and resources spent at the post-conviction level, it is not our function to stand in for counsel, even when the outcome would result in a more efficient use of resources.

we understand the trial court's statement that the evidence is relevant to defendant's "intent" to refer to defendant's intention in engaging in the alleged acts, if he did so, *i.e.*, whether he intended to gain sexual gratification and therefore acted with a sexual purpose. Additionally, the court identified that there are "certain bases for offering evidence of prior bad acts, including prior convictions," under OEC 404(3) and that it "already talked about one of the main ones, which is that he acted with knowledge in the instant case." It did not identify intent or sexual interest in children as permissible bases under OEC 404(3). Accordingly, given the arguments put forth by defendant, we reject defendant's contention that the trial court failed to recognize and analyze the evidence as offered for a propensity purpose.

Having determined that defendant's arguments on appeal do not demonstrate error in the trial court's OEC 404(4) analysis, we next determine whether the trial court erred in its OEC 403 balancing.[11] "We generally defer to the trial court's decision regarding whether the probative value of the evidence is substantially outweighed by the potential for prejudice." *State v. Sewell*, 257 Or App 462, 468, 307 P3d 464, *rev den*, 354 Or 389 (2013) (internal quotation marks omitted). We analyze the admission of the evidence under the framework established in recent cases:

> "First, the court should parse the other 'acts' into constituent parts, where possible, to aid in determining the degree of character present in the proponent's theory of relevancy. Second, the court should consider the probative value of each constituent part of the evidence to determine whether

_____

[11] To the extent that the trial court appeared to think that *Williams* required admission of this kind of evidence, that determination was error. The defendant in *Williams* did not challenge the trial court's analysis under OEC 403, and thus *Williams* does not imply that the evidence survived OEC 403 balancing, nor that any other similar evidence is necessarily admissible. *Williams*, 357 Or at 23 ("Defendant does not contend that the trial court erred in its OEC 403 analysis, and we therefore do not consider that issue on review."). However, defendant has not advanced any argument regarding the court's apparent misunderstanding of *Williams*, and "it is not this court's function to speculate as to what a party's argument might be" or "to make or develop a party's argument when that party has not endeavored to do so itself." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003). Defendant's argument is limited to the allegation that the trial court failed to recognize the propensity purpose of the evidence which, as already discussed, is not supported by the record.

its relevance relies on character reasoning expressly or by implication. Third, the court, in its discretion, may admit evidence that does not primarily or substantially derive its relevance from character-based propensity reasoning. Finally, whether a court acts within its permissible range of discretion to admit such evidence may depend on whether the court took action to mitigate any unfair prejudice, such as redacting inflammatory details, limiting the state's use of the evidence, and instructing the jury on how it may consider the evidence."

*Roberto Martinez*, 335 Or App at 654-55 (interpreting *Davis*, 372 Or at 634-42).

First, we parse the evidence into two constituent parts: (1) the abusive conduct itself, namely the fact of the 2003 convictions and the judgment of conviction showing that defendant pleaded guilty to two counts of third-degree rape, and (2) context surrounding the abuse which, in the circumstances of this case, consists of the form addendum "Special Conditions of Probation for Sex Offenders," admitted with the judgment of conviction, which referred to defendant as having "sexual deviancy" and offenders who offend against children as "pedophile[s]."

Second, we "consider the probative value of each constituent part of the evidence." *Id.* at 654. We first consider the probative value of the convictions. The convictions are probative of defendant's sexual interest in young girls generally—it is evidence that he pleaded guilty to having a sexual relationship with a teenage girl—and were offered to show that defendant has a sexual interest in teenage girls, which makes it more probable that he had a sexual interest in the victims at the time of the charged offense and, therefore, "that his alleged actions, if proven, were committed for a sexual purpose." *Enrique Martinez*, 341 Or App at 21. The prior convictions are especially probative given that, in the currently charged conduct, defendant admitted to engaging in some of the alleged acts themselves, such as placing his hands between the girls' thighs, but stated that he did not do so for a sexual purpose. Additionally, the victims in this case and the victim from the prior convictions are all within the same age group.

Next, we consider the probative value of the form addendum. Unlike the fact of the convictions, it is less clear how evidence of defendant's prior probation conditions, which refer to sexual offenders as "pedophile[s]" and as having "sexual deviancy," supports the proposition that defendant acted with a sexual purpose in the charged offense. Rather, it could be said to show that defendant's character is one that sexually harms children unless he is restrained from doing so, which is an "impermissible propensity inference that defendant engaged in the charged conduct." *State v. Champagne*, 341 Or App 343, 357, 573 P3d 412 (2025), *rev den*, 374 Or 698 (2026).

We also consider the risk of unfair prejudice in admitting the evidence. The relevance of defendant's prior convictions relies on propensity reasoning and, thus, "the *risk* of unfair prejudice that inheres in character-based propensity reasoning was necessarily present here." *Roberto Martinez*, 335 Or App at 659 (emphasis in original). Turning to the form addendum, there is similarly a risk of unfair prejudice, however we note that the contextual evidence in this case is "not nearly the sort of inflammatory contextual evidence that was at issue" in other cases "and so poses a lesser risk in that regard." *Champagne*, 341 Or App at 357.

Third, we determine whether the evidence, as a whole, primarily or substantially derives its relevance from character-based propensity reasoning. Here, the evidence primarily derives its relevance from its tendency to show defendant's sexual purpose, which is a propensity-based but not necessarily impermissible purpose. Although the contextual evidence of the form addendum carried the risk that the factfinder would use it for an impermissible ultimate propensity purpose, defendant's trial was a bench trial, and the potentially inflammatory terminology that defendant points to was provided automatically with any probation imposed with a "Sex Offender Package." Although the document used inflammatory terms, the trial court would have understood it as imposing standard conditions for convictions such as his during that time period. Further, the state did not offer or use the form addendum for any purpose different than the judgment of conviction, and defendant did not argue

that the addendum was different or should be redacted from the judgment. Thus, as a whole, the evidence is primarily relevant as to defendant's sexual purpose.

Concerning the trial court's discretion to admit the evidence despite its reliance on propensity reasoning, because this is a first-degree child sexual abuse case involving evidence of prior acts comparable to the charged offenses, it is "not necessarily impermissible" to admit the evidence to show that defendant acted with a sexual purpose, despite its reliance on propensity reasoning. *Enrique Martinez*, 341 Or App at 21. Thus, we must determine "the extent to which the evidence was offered to establish that defendant's actions, if proven to have occurred, were done for a sexual purpose 'versus merely to establish that defendant is a bad person and thus was more likely to engage in the charged conduct,'" along with whether the trial court abused its discretion in its OEC 403 balancing. *State v. Estrada-Vargas*, 342 Or App 374, 381, 576 P3d 985 (2025), *rev den*, 374 Or 698 (2026) (quoting *Enrique Martinez*, 341 Or App at 21-22). As already discussed, the state offered, and the court admitted, the evidence under OEC 404(4) for a propensity-based but permissible purpose: as evidence of defendant's sexual interest in children as related to the sexual purpose element of the charges.

Finally, in determining whether the trial court abused its discretion in admitting the evidence, we consider "whether the court took action to mitigate any unfair prejudice, such as redacting inflammatory details, limiting the state's use of the evidence, and instructing the jury on how it may consider the evidence." *Roberto Martinez*, 335 Or App at 655. Although defendant ultimately opted to have a bench trial, when ruling that the evidence was admissible, the court expressed its willingness to give a limiting jury instruction.[12] The trial court engaged with the parties' arguments about admissibility under OEC 404 and OEC

---

[12] We do not think that the trial court's alternative suggestions for mitigating unfair prejudice are satisfactory in this circumstance, namely "the defense opportunity to confront witnesses, to object to the receipt of particular evidence, and to cross-examine witnesses." Unlike "redacting inflammatory details, limiting the state's use of the evidence, and instructing the jury on how it may consider the evidence," *Roberto Martinez*, 335 Or App at 655, the opportunities identified by the trial court are guaranteed in any criminal trial. However, defendant does not advance any arguments regarding the trial court's suggestions on appeal.

403 and stated that it read all of the case law on the topic provided by the parties. Further, given the record that the court made when allowing the evidence, defendant has not established that the trial court misunderstood the purpose of the evidence as related to the sexual purpose element and the propensity nature of it, which is the ultimate reason the court would have provided a limiting jury instruction.

Having reviewed the record, we acknowledge that the trial court was not entirely succinct in its analysis and that there were errors that defendant does not challenge on appeal. Considering defendant's arguments on appeal, we conclude that the trial court did not err in its OEC 403 balancing in the way argued by defendant. Further, given our deferential standard of review, we determine that the court did not abuse its discretion under OEC 403 when it admitted the evidence of defendant's prior convictions. As a whole, we understand the trial court to have evaluated the evidence's relevance under OEC 401 and OEC 404, including considering how the evidence would have fared under OEC 404(3) and analyzing its propensity-based relevance under OEC 404(4), and to have balanced the probative value against the danger of unfair prejudice of admitting the evidence under OEC 403, as required.

Affirmed.

**KAMINS, J.,** dissenting.

Candidly, the case law on the admissibility of "other acts" evidence is a bit of a morass. Based on several of the trial court's statements, neither I nor the majority can tell whether it correctly waded through that swamp. In that circumstance, the proper remedy is to remand so the trial court has the opportunity to conduct and articulate its OEC 403 balancing before the case returns to it through the post-conviction process.

As the majority acknowledges, the trial court erred when conducting balancing under OEC 403 in two respects. First, the court "erred when it explicitly admitted the evidence under OEC 404(3) as relevant for the nonpropensity purpose of proving knowledge [that defendant's conduct was illegal]." 348 Or App at 122 & n 7. As the majority explains, there is *no*

nonpropensity reason for evidence of defendant's prior conviction; rather, its only relevance is character-based—a critical consideration. *See State v. Davis*, 372 Or 618, 635, 553 P3d 1017 (2024) (trial courts are "advised to determine whether other acts evidence that is being offered under OEC 404(4) is either explicitly, or by inference, evidence of character and whether propensity reasoning is at play").

Second, the trial court incorrectly applied *State v Williams*, 357 Or 1, 346 P3d 455 (2015). Specifically, the trial court reasoned that its own discretion was bounded—by the OEC 403 balancing in *Williams*—such that it was *required* to admit evidence of defendant's prior bad act. The trial court explained: "[I]f th[e] evidence in *Williams* survives the [OEC] 403 balancing it is hard to imagine how the evidence in this case [does not]." That logic—as the majority recognizes—does not flow from *Williams* because there was *no* OEC 403 balancing in *Williams*, let alone such a persuasive effort that it foreclosed discretion in this case. 348 Or App at 126 n 11 (citing *Williams*, 357 Or at 23) ("The defendant in *Williams* did not challenge the trial court's analysis under OEC 403, and thus *Williams* does not imply that the evidence survived OEC 403 balancing, nor that any other similar evidence is necessarily admissible."). That the trial court incorrectly perceived its discretion to be bounded is alone sufficient to merit a remand. *See State v. Mayfield*, 302 Or 631, 645, 733 P3d 438 (1987) (trial court abused discretion in admitting highly prejudicial evidence because, although it was "apparent that the trial judge agonized over" the OEC 403 factors, it "somehow felt obliged to admit all the evidence" and its "comment in ruling on admissibility demonstrated that [it] felt locked in to admitting the evidence"); *State v. Romero*, 236 Or App 640, 643-44, 237 P3d 894 (2010) (when a trial court's "purported exercise of discretion flows from a mistaken legal premise, its decision does not fall within the range of legally correct choices and does not produce a permissible, legally correct outcome").[1]

---

[1] It is not clear to me, in any event, that this evidence would necessarily survive a properly structured OEC 403 balancing. The fact that defendant had some kind of sexual relationship with a 15-year-old girl when he was 21 or 22 years old—two decades prior to defendant's trial—is certainly less probative of his sexual interest in his stepchildren than the evidence in *Williams*. In *Williams*, defendant was convicted of abusing a five-year-old child, and the state sought to

Despite recognizing the error, the majority declines to correct it. The justification? According to the majority, defendant's appellate counsel did not properly frame the argument. 348 Or App at 126 n 11 ("However, defendant has not advanced any argument regarding the court's apparent misunderstanding of *Williams*, and 'it is not this court's function to speculate as to what a party's argument might be' or 'to make or develop a party's argument when that party has not endeavored to do so itself.'" (Quoting *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003).)).

I disagree that we are required to splice defendant's arguments as finely as the majority suggests, given that defendant challenged the precise ruling under appeal, arguing that the trial court erred in conducting OEC 403 balancing. And, given that defendant is clearly prejudiced by the majority's determination that his appellate attorney failed to more precisely raise a meritorious argument, I would avoid the years of costly litigation at the post-conviction level only to have the matter returned to the trial court, causing C and S to endure the trauma of another trial and the recollection of witnesses to fade with the passage of time. The legally and practically sound outcome is to send this case back so that the trial court can conduct OEC 403 balancing in light of our opinion.

I respectfully dissent.

---

admit evidence that defendant possessed children's underwear. *See* 357 Or at 23 ("[T]he state was required to prove that defendant had acted with a sexual desire that was aroused or gratified by contact with children. Because most adults do not have such a desire, the state was entitled to prove that defendant is an adult who does."). That is a determination for the trial court to make in its discretion.